IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAFAEL VICENS RODRÍGUEZ, IVETTE RODRÍGUEZ QUESADA,** and the **CONJUGAL PARTNERSHIP** composed by them, <br><br> **Plaintiffs** <br><br> Vs. <br><br> **ORIENTAL BANK AND TRUST; ORIENTAL FINANCIAL SERVICES CORP.,** <br><br> **Defendants** | **CIVIL NO.: 06-1681 (JAF)** <br><br><br> **ERISA** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiffs, by and through the undersigned attorney, and very respectfully *state, allege* and *pray* as follows:

### I.   NATURE OF THE ACTION

1. This is an action brought by plaintiffs, Dr. Rafael Vicens Rodríguez ("Vicens"), Ivette Rodríguez Quesada ("Rodríguez"), and the Conjugal Partnership composed by them ("collectively denominated as "plaintiffs") against Oriental Bank and Trust and Oriental Financial Services Corp. ("collectively denominated as "Oriental"), the investment company contracted by plaintiffs to act as fiduciaries and record keepers of their Keogh retirement plan.

2. Plaintiffs bring this action to remedy the depravation of rights secured to them under the constitutions and laws of Puerto Rico and of the United States of America.

3. Plaintiffs allege, in synthesis, that they have been defrauded and deceived

-2-

by Oriental in the management of their retirement funds. Moreover, Oriental has breached its fiduciary duties, mishandled and depleted funds, and failed to make the corresponding reports and notifications are required by th Adoption Agreement signed by the parties and the applicable statues. These practices are prohibited by the constitutions and laws of the Commonwealth of Puerto Rico and the United States of America.

4. Plaintiffs allege that they suffered damages as a result of defendants' actions.

5. The plaintiffs request this Honorable Court, among other things, compensation for their economic damages, their mental anguish and sufferings and specific performance of the Adoption Agreement subscribed by the parties and the rules and regulations of the applicable statues. Moreover, plaintiff's seek the replacement and/or reimbursement of the lost and mishandled funds in order to reestablish the plans to their expected status.

## II.   JURISDICTION

1. The jurisdiction of this Honorable Court is invoked pursuant to Article 502(a) of Employment Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1001 et. seq. (from hereinafter "ERISA"). The plaintiff also invokes this Honorable Court's supplemental jurisdiction, pursuant to 28 U.S.C. Section 1367 and seeks relief under the Articles 1802 and 1803 of the Civil Code of Puerto Rico.

2. All conditions precedent to jurisdiction under ERISA have been complied with.

3. The plaintiffs are citizens of the Commonwealth of Puerto Rico.

4. This action involves a sum in excess of $75,000.00, exclusive of interest and costs.

-3-

5. This is the proper venue to bring this action arose in this District.

6. This Court holds exclusively jurisdiction concerning ERISA claims.

### III.     PARTIES

1. Vicens and Rodríguez are married to each other, are of legal age, self-employed and residents of Humacao, Puerto Rico.

2. Oriental Bank and Trust (formerly Oriental Federal Savings Bank) and Oriental Financial Services Corp. Have been authorized to do and are currently doing business in the Commonwealth of Puerto Rico. Oriental is bank and/or investment company that administers Keogh retirement plans, among many other services.

### IV.     STATEMENT OF CLAIM

1. In 1998, plaintiffs established independent Keogh retirement plains in order to provide for their retirement, provide the retirement benefit to their employees and also take advantage of its tax treatment.

2. At Oriental the plans effective date is January 1st, 1998. Specifically, Vicens and Rodríguez signed independent Adoption Agreements and Oriental's Master Plan.

3. By January of the year 2004, plaintiffs were doubtful as to Oriental's services and performance as administrator and trustee. All throughout year 2004 plaintiffs insistently contacted Oriental's officials to find an explanation to their doubts. Even though Oriental's officials met with plaintiffs on September 28, 2004 and explained that the plans were being handled correctly and that the earnings and deposited fund were secure, subsequently plaintiffs identified that the information offered was incorrect, that they had been deceived.

-4-

4. Plaintiffs insistently tried to contact Oriental officials in charge of the administration of the plans to no avail. Plaintiff's notified various letters indicating their concerns and Oriental did not take any remediate action.

5. The following list are examples of the mismanagement of plaintiffs' retirement plan funds:

   a. The deposits or payments made to the accounts are not the same as the amounts shown in Oriental's reports nor in the tax filings.
   b. The disbursements to former plaintiffs' employees have been incorrect and most of them have been overpaid at the time of lump sum liquidation.
   c. Even though plaintiffs have insisted upon the unified administration of the funds deposited, it seems that there are currently two plans with different administrators.
   d. The disbursement to employees at the time of their termination of employment has been delayed or not paid exposing plaintiffs to penalties if claimed.
   e. There are registered employees that do not comply with the plan requirements.
   f. The funds have been invested negligently and the result has been in the substantial decrease in their valuation.
   g. Defendant has not complied with the notifications to plaintiffs nor to plans' participants as required by the plan and by the applicable laws.

**FIRST CAUSE OF ACTION**

1. Plaintiffs allege and reallege all previous paragraphs as it fully alleged herein.

2. The events described herein constitute a violation of the ERISA provisions, 29 U.S.C. §1001, et. seq.

-5-

## SECOND CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute a breach of contract pursuant to the Puerto Rico Civil Code.

## THIRD CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute a negligence or omission pursuant to Article 1802 of the Puerto Rico Civil Code.

## RELIEF

**WHEREFORE,** the plaintiffs pray this Honorable Court to:

1. Enter a declaratory judgement against the defendant and find it in violation of the constitution and laws of the United States of America and of the Commonwealth of Puerto Rico.

2. Order the defendant to make the plaintiff whole, by ordering damages for economic damages in an amount not less than $150,000.00.

3. Award the plaintiffs damages in the amount of $150,000.00, for her mental anguish, mental and emotional sufferings and distress.

4. Correct all reporting errors and reestablish plaintiffs' retirement plan to its expected condition.

5. Award the plaintiff the cost of this action, together with reasonable attorneys' fees.

-6-

6. Award the plaintiff pre judgment interest.

7. Grant the plaintiff such other relief as this Honorable Court deems appropriate and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 6 day of July 2006.

      **s/MARÍA TERESA JUAN URRUTIA**
      **María Teresa Juan Urrutia**
      **U.S.D.C. No. 208909**
      204 Domenech Avenue
      San Juan, Puerto Rico 00918
      Phone: 787.758.3000
      Facsimile: 787.250.1111
      mtjuan@prtc.net

\\Maxtor\disk 1\M.T.J\Complaint\COMPLAINT-Rafael Vicens-Ivette Rodriguez.wpd